### DAZIAN et al. v. ITTELSON.

(Supreme Court, Appellate Term. April 9, 1912.)

1. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—FITNESS OF PREMISES—EVIDENCE.

The continued occupation of the premises by the tenant after a fire is some evidence, in an action for rent, of their fitness for occupation, though not conclusive.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 211*)—CONSTRUCTION OF LEASE—EFFECT OF FIRE.

    A provision of a lease that if the premises were injured by fire, if the damage was so extensive as to make them untenantable, the rent should be proportionately paid up to the time of the damage, and then cease until the premises were put in good repair, did not require the tenant to abandon possession after a fire, in order to entitle him to have the rent suspended.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 840–845; Dec. Dig. § 211.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Henry Dazian and others, as executors of the last will of David W. Dazian, against Wolf Ittelson, doing business as Mosher & Ittelson. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Ralph B. Ittelson (Herman Kahn, of counsel), for appellant.

Rose & Putzel (Norman P. S. Schloss, of counsel), for respondents.

GUY, J. The defendant appeals from a judgment in favor of plaintiffs in an action brought on a written lease to recover rent of certain premises for the months of May and June, 1911. The answer admits the making of the lease, but sets up as a separate defense that the premises became untenantable by reason of a fire, and so remained during the months in question and thereafter; that the plaintiffs omitted to put the premises in repair; and that, under the provision of the lease set forth in the complaint, the rent was suspended during said period. The plaintiffs introduced the lease in evidence and rested. The defendant then called a number of witnesses, who testified to the fact of the fire having occurred and to the condition of the premises resulting therefrom, showing a substantial suspension of the business conducted by the defendant in the premises. The plaintiffs offered no evidence in contradiction of this testimony, and the court then directed a verdict in favor of the plaintiffs.

The evidence shows that defendant continued to some extent to occupy the premises; but defendant contends that they were practically untenantable for the purpose for which they were, with plaintiffs' knowledge, leased. The provision of the lease is as follows:

"If the premises hereby leased shall be injured by fire or otherwise, * * * if the damage shall be so extensive as to render the premises untenantable, the rent shall be proportionately paid up to the time of such damage, and shall thenceforth cease until such time as the same shall be put in good repair."

[1, 2] There was sufficient evidence introduced by the defendant to entitle him to go to the jury upon the question whether the premises had been rendered untenantable by the fire. The continued occupation by the tenant is some evidence of its fitness for renting or occupation; but it is not conclusive evidence on this point. Reischmann v. Hartog Candy Co., 132 N. Y. Supp. 435. The terms of the lease

did not require that the tenants should abandon the possession to entitle them to a suspension of the rent. Kip v. Merwin, 52 N. Y. 542; New York Real Estate Co. v. Motley, 143 N. Y. 156, 38 N. E. 103.

The learned trial justice erred in directing a verdict in favor of the plaintiffs, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

